*United States v. Smalls*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the nineteenth of April, two thousand eighteen.

PRESENT:    José A. Cabranes,
            Raymond J. Lohier, Jr.,
               *Circuit Judges,*
            Richard M. Berman,
               *District Judge.**

---

United States of America,

        *Appellee,*                16-2985

        v.

Jamal Smalls, aka Poo Black, aka Mack,

        *Defendant-Appellant.**

---

**FOR APPELLEE:**            Drew Skinner, Assistant United States Attorney (Margaret Garnett, Kan Min Nawaday, Joshua Naftalis, Assistant United States Attorneys *on the brief*), *for*

---

  * Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

  * The Clerk of Court is directed to amend the official caption as set forth above.

1

Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**  RICHARD L. SULLIVAN (Ameer Benno, *on the brief*), Benno & Associates P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 25, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Jamal Smalls ("Smalls") appeals from a judgment of conviction, following a nine-day trial. The jury convicted Smalls of three counts: (1) conspiring to distribute and possess with intent to distribute a variety of drugs; (2) using, carrying, and possessing firearms in connection with the drug trafficking crime charged in Count One, which were discharged, and aiding and abetting the same; and (3) the murder of Doneil White ("White") through the use of a firearm, in connection with the drug trafficking crime charged in Count One, and aiding and abetting the same. The District Court sentenced Smalls principally to 55 years' imprisonment, and Smalls is currently serving his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Smalls raises several issues on appeal. He argues that the District Court erred in: (1) denying his motion for a judgment of acquittal on Count Three; (2) denying his motion for a mistrial; (3) permitting the prosecution to present the testimony of Ashley Mintz, regarding statements that Smalls made following White's funeral; (4) denying his motion for suppression of his post-arrest statements; (5) admitting evidence of his relationship with a cooperating witness, Corey Harrison; and (6) admitting the expert ballistics testimony of a police detective; and that (7) the Government violated Rule 16 of the Federal Rules of Criminal Procedure.

We consider these issues *seriatim*. Smalls first argues that the trial evidence failed to establish that the shooting of White was committed during and in furtherance of any drug conspiracy, and thus that the District Court erred in denying his motion for a judgment of acquittal on Count Three. An insufficiency claim faces a "very heavy burden." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002). We must uphold a jury verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We "view[] the evidence in the light most favorable to the government and draw[] all inferences in favor of the government." *United States v. Henry*, 325 F.3d 93, 103 (2d Cir. 2003). Upon a review of the record, we conclude that there was not insufficient evidence to sustain the jury's verdict.

Smalls next contends that the District Court erred in denying his motion for a mistrial. Smalls moved for mistrial on the basis that the Government elicited testimony from Smalls' arresting officer that during the booking process, Smalls stated that he had just come home after serving 15 years in prison. We review a district court's decision to deny a motion for a mistrial for abuse of discretion. *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir. 1995). The power of to declare a

2

mistrial should only be used "with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *United States v. Klein*, 582 F.2d 186, 190 (2d Cir. 1978) (internal quotation marks omitted). Upon a review of the record, the Government did not deliberately elicit the testimony in question from the arresting officer, and the District Court was not erroneous in finding that this one piece of evidence must be considered in proportion to all the other evidence at trial. In addition, Smalls declined a curative instruction. We thus conclude that the District Court's denial of Smalls' motion for a mistrial was not an abuse of discretion.

Smalls argues that the District Court erred in permitting the prosecution to present the testimony of Ashley Mintz, who testified that Smalls made out-of-court statements to her about his role in White's murder—testimony that Smalls had moved to preclude under Federal Rule of Evidence 403. A district court has "broad discretion" over the admission of evidence. *United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir. 2006). We review a district court's evidentiary rulings for abuse of discretion and will reverse "only when the court has acted arbitrarily or irrationally." *Id.* (internal quotation marks omitted). This is particularly true in the case of a district court's balancing of probative value against the threat of unfair prejudice. *United States v. Quinones*, 511 F.3d 289, 310 (2d Cir. 2007) (noting that a district court is "in a superior position to evaluate the likely impact of the evidence."). Upon a review of the record, we conclude that the District Court's denial of Smalls' Rule 403 challenge was not an abuse of discretion.

Smalls further contends that the District Court improperly admitted post-arrest statements that he allegedly made to police officers. We review a district court's suppression ruling for clear error as to factual findings and *de novo* as to legal conclusions. *United States v. Yousef*, 327 F.3d 56, 124 (2d Cir. 2003). A defendant's volunteered, spontaneous statements are admissible notwithstanding the absence of *Miranda* warnings. *United States v. Compton*, 428 F.2d 18, 22 (2d Cir. 1970) (citing *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). Officers engage in "interrogation" under *Miranda* only when they engage in "express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300-301 (1980). *Miranda* protections also do not apply during pedigree interviews or normal booking procedures. *Rosa v. McCray*, 396 F.3d 210, 221 (2d Cir. 2005). Upon a review of the record, we conclude that the District Court properly denied Smalls' motion to suppress the statements in question—neither of which was the product of an "interrogation" under the terms of *Miranda*.

Smalls next argues that the District Court erred in admitting evidence of his drug-selling partnership with a cooperating witness, Corey Harrison. As we noted above, we review a district court's evidentiary rulings for abuse of discretion and will reverse "only when the court has acted arbitrarily or irrationally." *Nektalov*, 461 F.3d at 318 (internal quotation marks omitted). District courts have "discretion to admit evidence of acts committed prior to the time charged in the indictment to prove the existence of the alleged conspiracy as well as to show its background and history." *United States v. Langford*, 990 F.2d 65, 70 (2d Cir. 1993). Upon a review of the record, we conclude that the District Court's admission of the evidence at issue was not an abuse of discretion.

Smalls contends that the District Court erred in admitting the expert ballistics testimony of a police detective. Upon a review of the record, we conclude that the District Court properly ascertained the police detective's expertise and reliability, and thus committed no error in allowing him to testify at trial as an expert without holding a separate *Daubert* hearing before trial. *See United States v. Williams*, 506 F.3d 151, 161 (2d Cir. 2007) (explaining that a separate *Daubert* hearing is not necessarily required where the district court's admission of ballistics testimony after the Government

3

provided a thorough foundation was "an implicit determination that there was a sufficient basis for doing so").

Finally, Smalls argues that the Government violated Rule 16 of the Federal Rules of Criminal Procedure because it failed to include a statement elicited at trial and at the suppression hearing in its pretrial filings. Because the Government disclosed the relevant statement during a suppression hearing prior to trial, we conclude that there was no Rule 16 violation in this case. *See also United States v. Kusek*, 844 F.2d 942 (2d Cir. 1988).

## CONCLUSION

We have reviewed all of the arguments raised by Smalls on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 25, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4